On writs of certiorari (340 U..S. 808) to review a judgment of the Court of Claims holding that plaintiff, Wheelock Bros., Inc., was entitled to recover, in the Court of Claims, as just compensation for the temporary taking by the Government of its property and business under Executive Order No. 9462, during the period from August 11, 1944, to July 24, 1945, the operating loss due to an increase in wages put into effect by order of the Federal Manager during the period of Government occupation and control.
On May 7, 1951, the judgment of the Court of Claims was vacated by the Supreme Court in an opinion per curiam, *853 holding that the Court of Claims was without jurisdiction of the cause, and remanding the case with instructions to 'dismiss the petition.
The opinion of the Supreme Court is as follows:
Wheelock Bros., Inc., a private motor carrier, sued in the Court of Claims to recover just compensation for an alleged temporary taking of its properties and business by the United States pursuant to Executive Order No. 9462. 9 Fed. Reg. 10071. The Court of Claims entered. judgment awarding Wheelock Bros., Inc., just compensation in an amount less than that claimed. 115 C. Cls. 733, 88 F. Supp. 278. We granted certiorari on the petitions of both parties. 340 U. S. 808.
While the action was pending in the Court of Claims, Congress passed the Motor Carrier Claims Commission Act (62 Stat. 1222, as amended, 62 Stat. 1289, 1290, 63 Stat. 80), providing that that Commission “shall hear and determine, according to law, existing claims against the United States arising out of the taking by the United States of possession or control of any of the motor-carrier transportation systems described in Executive Order Numbered 9462. * * *” Section 2. Within the time provided in the Act and before entry of judgment in the Court of Claims, Wheelock Bros., Inc., filed its claim with the Commission.
At the threshold, we are met with the question whether the Court of Claims had jurisdiction to enter judgment in this case. Congress, in § 6 of the Motor Carrier Claims Commission Act, expressly provided:
“The jurisdiction of the Commission over claims presented to it as provided in section 2 of this Act shall be exclusive; but nothing in this Act shall prevent any person who does not elect to present his claim to the Commission from pursuing any other remedy available to him.”
Wheelock Bros., Inc., by filing its claim with the Commission, did elect to present it to that tribunal. The Commission’s jurisdiction over tire claim being “exclusive,” the Court of Claims was without jurisdiction to enter judgment in this case. For this reason, the judgment below is vacated and the case is remanded to the Court of Claims with instructions to dismiss the claim in that court.